**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 12-121-KKC**

**LAKESHORE ENGINEERING,**

                    **PLAINTIFF,**

**V.**         **MEMORANDUM OPINION AND ORDER**

**RICHMOND UTILITIES BOARD,
HDR ENGINEERING,**         **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \* \* \*

    This matter is before the court on two motions to dismiss filed by Defendants HDR Engineering, Inc. ("HDR") and Richmond Utilities Board ("Richmond") against plaintiff Lakeshore Engineering Services, Inc. ("Lakeshore"). Both HDR and Richmond seek dismissal of plaintiff's claim for negligent misrepresentation and Richmond also seeks dismissal of the claim for quantum meruit. For the following reasons, HDR's motion (R. 6) will be denied and Richmond's motion (R. 8) will be granted.

    **I.**    **Background**

    In May 2009, Lakeshore submitted a bid for $10,507,739.00, and was awarded a contract by Richmond to install a sewage pipeline and a new submersible pump station in Richmond, Kentucky. Prior to issuing its advertisement for bids, Richmond hired HDR to act as its "design professional of record" for the project, and to "provide all design drawings and specifications for the construction work." HDR hired Thelen Associates to perform a geotechnical analysis and to test the subsurface conditions of the land. Thelen performed eight test borings on the site and prepared a geotechnical report summarizing its findings. The Instructions to Bidders specifically

1

referenced the geotechnical report and indicated that HDR had relied upon it in preparing the drawings and specifications for the construction work.  Additionally, the Instructions stated the bidders could request access to the site if they wanted to perform their own geotechnical studies prior to the submission of a bid.  According to Lakeshore, the defendants refused to provide access to the site.  Despite this alleged refusal, however, Lakeshore submitted its bid and was awarded the contract.

Having completed the project, Lakeshore seeks compensation in the amount of $497,790.46 over and above the awarded contract price.  Lakeshore claims that it is entitled to additional compensation because it encountered "large quantities of unanticipated bedrock" while excavating the site.  Lakeshore indicates that during the course of the project, it repeatedly informed the defendants of the subsurface conditions, but was directed to "proceed with work" while being assured that all "costs and adjustments would be addressed at closeout."  Following completion of the project, however, a dispute arose regarding the additional amounts claimed by Lakeshore.  Pursuant to the contract, the parties mediated the dispute, which couldn't be resolved.  Thereafter, Lakeshore filed suit against Richmond Utilities Board and HDR Engineering alleging breach of contract, quantum meruit, violation of fairness in a construction act, negligent misrepresentation, breach of implied warranty of sufficiency of plans, and breach of implied covenant of good faith and fair dealing.  In their motions, Defendants' seek dismissal of only two claims – quantum meruit and negligent misrepresentation.

## II.     Standard of Review

To survive a 12(b)(6) dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The court must view the allegations in the complaint in the light most favorable to plaintiff Lakeshore, treating all well-pleaded facts as true, but need not accept bare legal conclusions as definitive. *See Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Based on this standard, the court addresses the defendants' challenges to count II and count IV of the Complaint for failure to state a claim.

### III. Negligent Misrepresentation

#### 1. Claim against HDR

Before considering whether Lakeshore has stated a claim upon which relief may be granted against HDR for negligent misrepresentation, the court will consider whether the claim is barred by the statute of limitations.

HDR argues that Lakeshore's claim is barred by the one year statute of limitations found at K.R.S. §413.245, which applies to civil actions "arising out of any act or omission in rendering, or failing to render, professional services for others[.]" Lakeshore maintains that a five year statute of limitations applies and in support of its position cites *Mid States Steel Prods. Co. v. Univ. of Kentucky*, WL 1195914 at *12 (Ky. App. 2006). Lakeshore's argument was squarely rejected by another federal court in *Van Eekeren Family, LLC v. Carter & Burgess, Inc.,* WL 541265 at *3-5 (W.D. Ky. 2009). There, Judge McKinley correctly concluded that the one year limitation of K.R.S. § 413.245 applies to claims arising from "an act or omission in

3

rendering professional services." Lakeshore acknowledges that its cause of action arises from an engineering report prepared by HDR, which allegedly negligently misrepresented the geotechnical conditions that existed on the Project site. Thus, Lakeshore's claim of negligent misrepresentation arises from an act or omission made in the course of HDR's rendering of professional services. Consequently, the one year limitation of K.R.S. § 413.245 applies.

Lakeshore maintains that even under a one year statute of limitations, its negligent misrepresentation claim against HDR is timely because the statute didn't begin to run until June 29, 2011, when HDR rejected its claims for equitable cost adjustments. The Court is not persuaded by this argument because the law simply does not require that damages become fixed in order to trigger the applicable statute of limitations. The statute of limitations begins to run when a plaintiff encounters a defect or incident from which the plaintiff can be "certain that damages would flow. " *See ISP Chemicals LLC v. Dutchland, Inc.,* WL 304584 at *6 (W.D. Ky. 2011)(discussing the application of the limitations period under K.R.S. §413.245 to a negligence claim). Lakeshore's complaint does not specify the time frame in which it discovered the problematic bedrock that allegedly led to excess excavation costs. The complaint merely indicates that "as the work progressed" it became obvious that bedrock couldn't be excavated and that "Lakeshore repeatedly advised and informed the Defendants" of these conditions. Considering the facts alleged in the complaint in the light most favorable to Lakeshore, the court cannot determine whether or not Lakeshore's negligent misrepresentation claims are barred by Kentucky's one year statute of limitations period. Discovery is needed to determine when Lakeshore became aware of the subsurface conditions that led to its alleged injury. Accordingly, the court will deny HDR's motion to dismiss until the record on this issue can be further

4

developed. If, as HDR maintains, the evidence shows that Lakeshore encountered the adverse subsurface conditions in 2009, the court will revisit this issue on summary judgment.

Having determined that there are not enough facts to determine whether Lakeshore's claim is barred by the statute of limitations, the court must determine whether Lakeshore has even stated a viable claim for negligent misrepresentation as to defendant HDR. Kentucky has adopted the tort of negligent misrepresentation as set forth in the Restatement (Second) of Torts § 552:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*See Presnell Const. Managers, Inc. v. EH Const.*, *LLC*, 134 S.W.3d 575, 580 (Ky. 2004)(holding that an allegation that defendant "supplied faulty information and guidance" to contractors was sufficient to state a claim for negligent misrepresentation).

Lakeshore's Complaint alleges that HDR made negligent misrepresentations and supplied false information in its geotechnical report upon which Lakeshore and other bidders justifiably relied in preparing to bid for the Project. *See* R. 1, ¶56 & ¶57. HDR argues the court should construe two sentences in the Complaint related to groundwater, mudseams, and cavities as omissions from the geotechnical report that amount to affirmative misrepresentations. Rather than cherry pick these two sentences related to whether or not Lakeshore has stated a valid claim for negligent misrepresentation, the court will look more closely at this argument in the context

5

of summary judgment when it can read and evaluate the entire geotechnical report in light of all the evidence. Therefore, Lakeshore's claim will not be dismissed.

HDR raises a number of additional arguments in its motion that are also unavailing. First, HDR argues that it cannot be held liable for the misrepresentations because it didn't have a contract with Lakeshore. Lakeshore's claim of negligent misrepresentation lies in tort, not in contract. Lakeshore asserts that HDR was a company that had a pecuniary interest in the Project as Richmond's engineer of record and "project representative." The complaint asserts that in its capacity as project representative, HDR made negligent representations upon which Lakeshore relied to its detriment and was damaged. Accordingly, Lakeshore has pled sufficient facts to state a viable claim against HDR for the independent tort of negligent misrepresentation. *See Presnell*, 134 S.W.3d at 579-80 (recognizing that privity of contract is not required to impose liability based on independent duty under tort of negligent misrepresentation). Moreover, in alleging that Lakeshore failed to plead negligent misrepresentation with specificity, HDR confuses the pleading standards for fraud and negligent misrepresentation, which are distinct causes of action under Kentucky law. *See PCR Contractors, Inc v. Danial*, 354 S.W.3d 610, 617 (Ky. App. 2011).

Finally, HDR claims that it has been released from Lakeshore's claim of negligent misrepresentation by the terms of Richmond's Instructions to Bidders. HDR points to Section 4.07(E) of Richmond's Instructions to Bidders which states that it is the responsibility of the bidder to "[o]btain and carefully study (or accept the consequences of not doing so) all additional or supplementary examinations, investigations, explorations, tests, studies, and data concerning conditions (surface, subsurface, and Underground Facilities) at or contiguous to the Site which may affect cost, progress, or performance of the Work[.]" HDR argues this release bars all

claims against it by potential bidders. Lakeshore did not have a contract with HDR. Accordingly, HDR's release and waiver argument fails and Lakeshore's claim for negligent misrepresentation will not be dismissed.

### 2. Claim Against Richmond

Richmond Utilities Board also asks the Court to dismiss Lakeshore's negligent misrepresentation claim against it. It is important to note that Richmond is merely the owner of a site. Unlike HDR, it was not acting as a professional preforming an engineering task. Kentucky courts have held that "it is the existence of a professional performing a task and not the nature of the task itself that brings a claim within KRS § 413.245." *See Van Eekeren Family*, WL 541265 at *4 (citing *Vandevelde v. Falls City Builders, Inc*., 744 S.W.2d 432, 433 (Ky. Ct. App. 1988)). Therefore, Lakeshore's claim against Richmond is not barred by the one year limitation period imposed by K.R.S. § 413.245 on an action related to professional engineering services.

Construing the facts in the light most favorable to plaintiff, Lakeshore has failed to state a claim for negligent misrepresentation against Richmond for supplying the alleged faulty geotechnical information to potential bidders. Richmond hired a professional engineering firm to provide a geotechnical report for the convenience and use of potential bidders. Lakeshore has failed to plead any fact or theory on which Richmond could be held liable for the negligent misrepresentation of an independent engineering firm, particularly in view of its stated willingness to provide bidders with access to the Project site for the purpose of obtaining their own geotechnical reports.

Lakeshore further claims, however, that Richmond also negligently misrepresented in the Instructions to Bidders that the bidders could access the site to perform their own subsurface tests and exploration prior to the submission of bids. However, Richmond urges the court to

dismiss this claim as a future promise that is not actionable as a misrepresentation. Here, Richmond's statement of future intent, that the bidder would have access to the site, cannot qualify as a "misrepresentation" in the context of a tort action. *See PCR Contractors*, 354 S.W.3d at 617-19 (examining statement of future intent and concluding a promise to guarantee payment could not form basis of a negligent misrepresentation claim). Therefore, Lakeshore's claim for negligent misrepresentation as to defendant Richmond will be dismissed.

### IV. Quantum Meruit

Defendant Richmond also seeks dismissal of Count II – quantum meruit/unjust enrichment arguing that this claim is improper because it is an implied contract theory which cannot be properly brought against a public agency or entity.

The law operates to imply a contract in order to prevent unjust enrichment. A contract however, will be implied only if there is no express contract covering the same subject matter. *See HGB Marketing, Inc. v. Pomeroy Comp. Res., Inc*., 145 Fed. App'x 982, 988 (6th Cir. 2005)(citing *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc*., 898 F. Supp. 1198, 1206 (W.D. Ky. 1995)(discussing that Kentucky law does not allow a claim for unjust enrichment where there is an 'explicit contract')).

Lakeshore argues that it is not attempting to proceed on an implied contract theory because the contract provides for equitable relief. Lakeshore cannot proceed on both theories in this case. The complaint states that Lakeshore and Richmond entered into a single construction contract for all of the pipeline installation in July 2009. *See* R.1 at 3, ¶ 12-13. There is no dispute that a viable contract existed between Lakeshore and Richmond. Even if the contract includes reference to an "equitable adjustment" this does not allow for redress under both a contract theory and the implied contract theory of quantum meruit.

Lakeshore's argument that its claim is proper under a theory of abandonment of contract occasioned by a cardinal change in the scope of the work performed is also without merit. Nowhere in the complaint are there any facts to support this theory. The complaint briefly states "Richmond has received and retained the benefit of Lakeshore's work, but has failed and refused to pay for the full value of Lakeshore's services . . .[a]s a consequence, Richmond has been unjustly enriched." On this record, Lakeshore's request for the court to construe this claim as an abandonment of contract resulting from a cardinal change in the work performed cannot be granted.

Accordingly, this claim for quantum meruit arising from an alternative, implied contract theory will be dismissed.

### V.     Conclusion

For the reasons stated above,

**IT IS ORDERED** that HDR's motion to dismiss (R.6) is **DENIED**.

**IT IS FURTHER ORDERED** that Richmond's motion to dismiss (R. 8) is **GRANTED**.

Dated this 27th day of March, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge